UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ricco L. Maye,　　　　　　　　　　　　　　　　Case No.　3:22-cv-2176

　　　　　　Plaintiff,

　　v.
　　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
Craig Eiden, *et al.*,　　　　　　　　　　　　　　AND ORDER

　　　　　　Defendants.


## I.　BACKGROUND

*Pro se* plaintiff Ricco Maye, a detainee currently in custody in the Northeast Ohio Correctional Center, filed this *in forma pauperis*[1] civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio against 20 employees of the Corrections Center of Northwest Ohio ("CCNO") where he was previously incarcerated. The Southern District Court transferred the action here because Maye is detained within the territorial jurisdiction of this court. After Maye filed motions to amend and add additional defendants, I granted him leave to file one consolidated amended complaint in the case, incorporating every claim he seeks to assert against every defendant he seeks to sue. (Doc. No. 7). Further, I instructed Maye that his consolidated amended complaint must state his asserted basis for each of his claims.

Plaintiff filed a 30-page handwritten consolidated amended complaint (the "Complaint"), naming 25 defendants on May 25, 2023. (Doc. No. 8). In the Complaint, Maye contends

---

[1] Plaintiff's motion to proceed in this action *in forma pauperis* is granted. (Doc. No. 1).

Defendants violated his civil rights in "various ways" during his 18-month stay at CCNO. (*Id.* at 1.)

But Maye does not clearly state what specific civil rights he contends each defendant violated.[2] Nor does he set forth cogent allegations in the body of the Complaint related to each of his various grievances. Rather, the Complaint consists of a series of largely unclear and conclusory complaints and allegations, unconnected to cogent specific rights violations, pertaining to his treatment and the conditions to which he contends he was subjected at CCNO. (*See id.* at 5-28.)

He characterizes his complaints as claims for:

> interfering with his ability to visit, communicat[e] with people outside [the] facility including counsel and defense investigator, being placed in the wrong security level, impeding his access to the law library- tablets, seizing his legal papers, spiritual books and newspapers, opening legal mail outside his presence, threats, destructing, tampering, shredding and disposing of [his] mail, HIPPA violations, racial referred comments, profiling, targeting, being deprived of putting in grievances and appeals, bias, PREA, deplorable cells, [being] housed in others poop, urine, blood & spit, plus more but not limited to Judge/Jury.

(*Id.* at 1.)

He seeks monetary relief and injunctive relief against CCNO. (*Id.* at 29.)

## II. STANDARD OF REVIEW

Because Maye is a prisoner seeking redress from governmental employees, his complaint is subject to screening under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Section 1915A requires that I dismiss the Complaint before service if I determine it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* Pro se

---

[2] On the second to last page of the Complaint, he generally states that he believes his rights were violated under the First, Fifth, Fourth, and Eighth Amendments among "many others." (*Id.* at 28.)

2

pleadings must be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.   DISCUSSION

Upon review, I conclude Maye's complaint must be dismissed under § 1915A.

Although *pro se* pleadings are entitled to liberal construction, the liberal construction generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims for them. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). *See also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (citation and internal quotation marks omitted) (first alteration by *Brown*); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Rule 8(a)(2) and stating, "[n]either this court nor the district court is required to create [plaintiff's] claim for her") (citations omitted); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Even liberally construed, Maye's complaint is not presented in a way that satisfies Rule 8's requirement that he provide "a short and plain statement of the claim showing [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is impossible for me to parse through the litany of complaints set forth in his pleading and determine: (1) what specific rights violation or violations he seeks to assert with respect to each grievance he lists; (2) which defendant or defendants he contends are liable for

3

the various conduct he lists; and (3) the factual basis or grounds for each of his claims. The grievances set forth in the Complaint are so convoluted and unclear that they fail to meet basic pleading requirements and are insufficient "to give the defendant[s] fair notice of what [his specific claims for relief are] and the grounds on which [they] rest[]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, I find that the Complaint is subject to dismissal under § 1915A for failure to state a claim.

Further, to the extent Maye seeks injunctive relief against CCNO, those claims are now moot as he is no longer incarcerated at that facility. When a prisoner is transferred to another institution, his request for injunctive relief concerning a prison facility from which he has been transferred becomes moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

## IV. CONCLUSION

For the reasons stated above, Maye's complaint is dismissed pursuant to § 1915A. I also deny his application for entry of default, (Doc. No. 10), and I further certify that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge